# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES T. WRIGHT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CV415-099 |
| LEDELL ELLIS, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

After a year of inactivity, the Court ordered the parties to show cause why this case should not be dismissed under Fed. R. Civ. P. 41(b) and L.R. 41.1(b). Doc. 8 (entered October 31, 2016). In response the parties notified the Court that they had reached a settlement "and expect a dismissal will be filed" by the end of November, 2016. *See* docs. 9 & 10. That hasn't happened. Given the announced settlement, however, the Clerk shall **ADMINISTRATIVELY CLOSE** this case without prejudice to the right of any party with standing to reopen it. *See, e.g., In re Heritage Southwest Medical Group PA*, 464 F. App'x 285, 287 (5th Cir. 2012) ("[A]dministrative closure does not have any effect on the rights of the parties and is simply a docket-management device."). If settlement-

enforcement is sought, any party with standing may move to reactivate this case and comply with *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (authorizing courts to retain jurisdiction, upon use of an Fed. R. Civ. P. 41(a)(2)-based "settlement-dismissal," to enforce a settlement agreement); *Heape v. Flanagan*, 2008 WL 2439736 at * 3 (S.D. Ga. June 9, 2008); *Eller v. Colvin*, CV414-202, doc. 91 (S.D. Ga. Sept. 6, 2016). Alternatively, the parties may elect to take no further action -- they have settled, after all -- in which case this action will simply remain closed.

**SO ORDERED,** this 5-7th day of January, 2017.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA